IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS,  )  | |
|    Petitioner, ) | |
| ) | Civil Action No. 7:22-cv-00299 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| JULIA C. DUDLEY,[1] ) | United States District Judge |
|    Respondent. ) | |

**MEMORANDUM OPINION**

This matter is before the court for a review of a petition for writ of mandamus filed by plaintiff David Meyers, a *pro se* prisoner, formerly incarcerated in Virginia but now incarcerated in North Carolina. The petition was originally filed in the United States District Court for the Eastern District of Virginia, and was received by that court in November 2018.[2] At the time it was filed (and perhaps unbeknownst to that court), at least three of Meyers' previous actions or appeals had been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Accordingly, Meyers was required to either prepay the entire filing fee or show that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He did not prepay the filing fee but was instead granted leave to proceed *in forma pauperis*. (Dkt. No. 9.)

Consistent with his pattern of abusive litigation in this court, Meyers continued to file numerous motions and other documents in the case, and at one point, the presiding district judge directed that unless ordered by the court, his filings were to be docketed as "submissions" rather

---

[1] In at least one place in his petition, plaintiff identifies Ms. Dudley as the Acting U.S. Attorney for the Western District of Virginia. At the time he filed his lawsuit, however, she was no longer in that position and was instead the Clerk of Court.

[2] This court has a prefiling injunction in place against Meyers, entered by Senior United States District Judge Norman K. Moon. *Meyers v. Roanoke U.S. Att'y*, No. 7:19-cv-00573, Dkt. No. 10 (Sept. 6, 2019 Order and Injunction) (the "injunction order"). The injunction order contained requirements for Meyers's submissions to this court and explained what steps would be taken as to various types of documents filed by him. With regard to new complaints or petitions, the order warned that any new complaint that did not comply with the requirements stated in the order would be "dismissed immediately, without further warning, as violating this order." (*Id.* ¶ 5.) Because the original complaint in this matter predates that injunction order, the court will not apply the order to that document.

than "motions." (Dkt. No. 28.) Meyers also filed an interlocutory appeal, which was dismissed for failure to prosecute. (Dkt. Nos. 32, 38.)

In January 2022, more than three years after the petition was filed, the court reviewed the case pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (Dkt. No. 40.) The court noted that the claims in the petition stemmed from events that occurred within the Western District of Virginia. The court further stated that its review suggested that "it would not be in the interest of justice to transfer" the case to the Western District of Virginia. Instead, the court gave Meyers an opportunity "to particularize his claims" by filing an amended complaint within twenty-one days complying with specific instructions. (*Id.* at 1–2.) Meyers was advised that his failure to comply would result in the dismissal of the action without prejudice. (*Id.* at 2.)

After Meyers failed to file an amended complaint, the court noted that it "appear[ed] . . . that Plaintiff wishes to stand on the allegations and claims asserted in his initial complaint." (Dkt. No. 43 at 2.) Because those allegations and claims arose within this court's jurisdiction, the Eastern District of Virginia transferred the case here. (*Id.*)

This matter is now before this court for review pursuant to 28 U.S.C. § 1915A(a). Based on the court's review of the petition and the record as a whole, the court concludes that the petition must be dismissed for failure to state a claim and because it is frivolous. § 1915A(b)(1).

Meyers's petition seeks a writ of mandamus against the Clerk of this court, Julia C. Dudley. Specifically, Meyers alleges that, between August 1, 2018, and November 2018, he mailed seven writs of mandamus, five § 1983 complaints, and "one criminal action-criminal complaint" to this court.[3] (Pet. 1, Dkt. No. 1.) He claims that the Clerk "refused to receipt" these submissions "because court officials are named defendants." (*Id.*) He therefore asks that the court issue a writ of mandamus ordering the Clerk "to receipt and process" his submitted

---

[3] In a separate complaint, in *Meyers v. Dye*, No. 7:22-cv-298 (W.D. Va.), Meyers provides different numbers of cases that he filed. First, he alleges that he mailed six 1983 actions from January 6, 2017, through January 18, 2018, and states that none of them were receipted. (*Id..*, Compl. at 3.) Elsewhere in that complaint, he references seven mandamus actions and five § 1983 cases that allegedly were not receipted, but without providing dates they were filed. (*Id..*, Compl. at 3.)

2

actions. (*Id.* at 2.) He also asks that the court "notify" the Federal Bureau of Investigation and the U.S. Attorney "to show cause why they have refused to conduct" civil rights investigations into the racketeering activities of various Virginia prison officials. (*Id.*)

Notably, "[m]andamus is a drastic remedy only to be used in extraordinary circumstances." *In re Arawold*, 34 F. App'x 113, 114 (4th Cir. 2002) (citing *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987)). "Mandamus relief is available only when the petitioner has a clear right to the relief sought . . . ." *Id.* Meyers's petition does not satisfy this high standard for relief for several reasons.

First of all, the undisputed records of this court show that the many cases Meyers submitted in August 2018 through November 2018 were, in fact, docketed by the Clerk and addressed by the court. Specifically, this court's records reflect that, between August 1, 2018, and November 9, 2018, the Clerk opened twelve new civil actions with David Meyers as the petitioner or plaintiff, including six that were docketed as mandamus cases.[4] His request for mandamus relief in the form of an order directing that the actions be filed is therefore moot.

The court recognizes that Meyers refers in his petition to thirteen cases and only twelve were docketed during the relevant time period. But even if there is a specific complaint or petition that Meyers alleges was not docketed by the Clerk, Meyers has failed to show that it was the result of the Clerk (or her employees) failing to perform their duties, as opposed to some problem with the mail or his own failure to properly record what types of cases he sent or to whom. Indeed, the fact that the Clerk's office docketed twelve lawsuits from him in the same four-month period, including ones that named the court itself, judges, or court employees, refutes any suggestion that they were failing to perform their duty to file complaints or other petitions. Thus, he has not shown an entitlement to mandamus relief.

---

[4] The cases are *Meyers v. Clarke*, No. 7:19-cv-00379; *Meyers v. Jones*, No. 7:18-cv-414; *Meyers v. Clarke*, No. 7:18-cv-435; *Meyers v. U.S. Dist. Ct. Roanoke Division*, No. 7:18-cv-458; *Meyers v. Clarke*, No. 7:18-cv-460; *Meyers v. United States Dist. Ct. Big Stone Gap Division*, 7:18-cv-472; *Meyers v. Governor Ralph Northam*, No. 7:18-cv-00473; *Meyers v. U.S. Dist. Ct., Roanoke Division*, 7:18-cv-474; *Meyers v. Kiser*, 7:18-cv-00485; *Meyers v. Counts*, No. 7:18-cv-502; *Meyers v. Kiser*, 7:18-cv-556; and *Meyers v. Dye*, 7:18-cv-557.

As another judge of this court previously recognized in dismissing another of Meyers's lawsuits as frivolous:

> Although some cases that deserve immediate dismissal will not always fit articulated standards, the trained jurist can many times see through a screen of technically recognized allegations to discover a warrantless action." *Spencer v. Rhodes*, 656 F. Supp. 458, 462 (E.D.N.C.), *aff'd*, 826 F.2d 1061 (4th Cir. 1987). "The claim . . . asserted could be one that was legally recognized, but from the face of that complaint, there [i]s no doubt that the plaintiff [i]s presenting the judiciary with nothing more than an opportunity to waste some time." *Id.* "[T[he judiciary, should not with precedent, tie our own hands to the extent that we make ourselves unable to keep *pro se* litigation in the federal courts from becoming a form of recreation for prison inmates." *Id.* at 463.

*Meyers v. U.S. Dist. Ct. Roanoke Division*, No. 7:18-cv-00458 (W.D. Va. Nov. 2, 2018). Likewise, the court finds that Meyers's accusation against the Clerk here, particularly in the face of undisputed court records to the contrary, is likewise presenting this court with nothing more than "an opportunity to waste some time." *See id.* Thus, his request for mandamus against the Clerk is subject to dismissal.

Second, to the extent Meyers seeks to use mandamus to compel either the FBI or the U.S. Attorney to conduct an investigation into what he calls "racketeering" activities, mandamus cannot be used to obtain that relief. As the Fourth Circuit has explained, "[a] writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion." *Cent. S.C. Chapter, Soc. of Pro. Journalists*, 551 F.2d 559, 562 (4th Cir. 1977). Instead, mandamus will issue "only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Id.*

As numerous courts have recognized, then, mandamus cannot issue to order the investigation or prosecution of individuals by federal authorities, which clearly are discretionary functions. *E.g.*, *Jarrett v. Ashcroft*, 24 F. App'x 503, 504 (6th Cir. 2001) ("[M]andamus cannot

4

be used to compel the Attorney General or the United States Attorney to conduct investigations or prosecute alleged civil rights violators," which are discretionary functions); *Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) (holding that petitioner "was not entitled to mandamus relief because the defendants did not owe him a clear nondiscretionary duty" to investigate his complaints of criminal activity); *Banks v. U.S. Postal Inspection Serv.*, No. 4:18-cv-596, 2018 WL 4184740, at *6–7 (N.D. Ohio Aug. 31, 2018) (dismissing mandamus action seeking order compelling investigation of criminal matters and explaining that defendants had no clear duty to investigate the alleged wrongs); *Anderson v. Ky. One Health, Inc.*, No. 3:17-cv-359, 2017 WL 4542227, at *2 (W.D. Ky. Oct. 11, 2017) (dismissing for lack of jurisdiction a mandamus petition seeking to compel various defendants "to commence a criminal investigation" into alleged wrongs and explaining that because defendants had discretion over whether to prosecute, "jurisdiction under the Mandamus Act does not exist").

## CONCLUSION

For the foregoing reasons, the court will dismiss Meyer's petition for failure to state a claim and as frivolous. The Clerk shall send a copy of this memorandum opinion to Meyers. An appropriate order will be entered.

Entered: June 22, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge